STATE OF MISSOURI at the relation of the BOARD OF FUND COMMISSIONERS and GUY B. PARK, RICHARD R. NACY and ROY McKITTRICK, as members of and constituting a majority of the Board of Fund Commissioners of the State, Relators, v. FORREST SMITH, State Auditor.—96 S. W. (2d) 352.

Court en Banc, August 13, 1936.

*Roy McKittrick*, Attorney General, and *Harry G. Waltner, Jr.*, Assistant Attorney General, for relators.

*John L. Graves* and *Charles & Trauernicht* for respondent.

COLLET, J.—This is a companion case to the case involving the refunding of State of Missouri Building Bonds and the case involving the State Road Bonds, Series V. Since the parties are in the same in each of the cases, the cases may be identified and distinguished by our file number. The Building Bond case carries the number 34,789, 339 Mo. 204, 96 S. W. (2d) 348. The case involving the refunding of the State Road Bonds, Series V (the seventy-five million dollar road bond issue) is number 34,800, 339 Mo. 214, 96 S. W. (2d) 352. The present case is No. 34,795 and involves the power of the State Board of Fund Commissioners to refund state bonds constituting a portion of the sixty million dollar road bond issue authorized by Section 44a, Article IV of the Constitution. The controlling issues are identical with the issues decided in case number 34,789. One distinction should be noted however. The Building Bond case—number 34,789—was determined upon the construction we placed upon Section 11500, Revised Statutes 1929. A statute not referred to in that case is material here. It is Section 10 of the Act approved August 27, 1921, appearing in Laws of Missouri, 1921, First Extra Session, page 130. That act was passed as an incident to the Constitutional Amendment of 1920 authorizing the issuance and sale of State Road Bonds to the extent of sixty million dollars. Section 10 is as follows:

"All bonds herein authorized to be issued shall be paid at maturity and all interest accruing thereon shall be paid when it falls due by the state treasurer, at a place nominated in the bonds and coupons attached. Thirty days before any of the bonds mature and any interest thereon falls due, the state auditor shall draw his warrant on the state treasurer in a sum sufficient to pay maturing bonds and interest falling due. Whenever in the opinion of the board of fund commissioners it is advisable to do so, and there are sufficient funds therefor, the said board may redeem any of said bonds before maturity *if the holders thereof agree thereto*, and may also purchase any of said bonds in the open market whenever funds are available, and in the opinion of said board, it is to the advantage of the state to do so." (Italics ours.)

The language of this section adds support to the construction we placed upon Section 11500, supra, in case number 34,789 and further convinces us that the Legislature in the enactment and amendment of Section 11500 in 1913 (Laws 1913, p. 772) did not intend to depart from the principle expressed by it in the introductory words of its Act of March 31, 1885:

"Whereas, The maintenance of the credit of the state is of the utmost importance and should ever be guarded with the most jealous care." [Laws 1885, p. 39.]

For the reasons stated in State ex rel. Board of Fund Commissioners et al. v. Smith (Mo. 34,789), 339 Mo. 204, 96 S. W. (2d) 348, our alternative writ heretofore issued is quashed. All concur.